**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **Case No. 21-CR-171** |
| **v.** | **:** | |
| | **:** | **Hon. Christopher R. Cooper** |
| **CHAUNCEY JONES,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

I.      Summary of the Plea Agreement

Defendant agrees to admit guilt and enter a plea of guilty to Count One of the Indictment, charging him with Unlawful Possession of a Firearm and/or Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

II.      Elements of the Offense

The essential elements of the offense of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), each of which the government must prove beyond a reasonable doubt, are:

1.   That the defendant knowingly possessed a firearm and ammunition;

2.   That the firearm and ammunition had been shipped and transported in interstate commerce;

3.   That, at the time the defendant possessed the firearm and/or ammunition, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; and

4. That, at the time the defendant possessed the firearm and/or ammunition, the defendant knew that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

III.     <u>Penalties for the Offense</u>

The penalty for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) is as follows:

1. a maximum term of imprisonment not to exceed ten (10) years;

2. a fine not to exceed $250,000;

3. a term of supervised release of not more than three (3) years; and

4. a special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of for imprisonment and any term of supervised release and/or probation.

IV.     <u>Brief Statement of the Facts</u>

Had this case gone to trial, the government's evidence would prove the following beyond a reasonable doubt:

1. On Sunday, February 21, 2021, at approximately 5:30 p.m., Metropolitan Police Department (MPD) officers were on patrol when they observed a silver Infiniti sedan idling in front of 37 Forrester Street Southwest in Washington, D.C. Officers noticed that the front windshield of the vehicle was tinted. Officers conducted a traffic stop on the vehicle.

2. Officer Choi spoke with the driver, advising him of the reason for the stop and asking

him to exit the vehicle due to the heavily tinted windows. The driver complied. Simultaneously, other members made contact with the front seat passenger, later identified as Chauncey Jones (Defendant Jones), and the rear passenger.

3. Officer Jacobs could see Defendant Jones pressing his left arm toward the front portion of his waistband while speaking with officers.   Officers asked Defendant Jones to step out of the vehicle several times; however, he did not comply.   Officers were able to assist Defendant Jones from the vehicle, but he immediately dropped to his knees and bent forward at the waist.   Officers conducted a pat down of Defendant Jones's waistband area and felt a firearm.   Defendant Jones was detained and the firearm was recovered.

4. The recovered firearm was determined to be a blue and black in color SCCY, model CPX-2, 9 millimeter handgun with a serial number that was obliterated.   When it was recovered, it had no round in the chamber and ten (10) rounds in an unknown capacity magazine.

5. The defendant has a prior felony conviction in the United States District Court for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, case number 2019-CR-121. The defendant was sentenced to twenty four (24) months incarceration in that case. The defendant has an additional conviction in Prince George's County Maryland for Burglary First Degree, case number CT130034B.   The defendant was sentenced to twenty (20) years of incarceration, nineteen (19) years and three (3) months of which were suspended, for this conviction.   Therefore, the defendant was aware at the time

3

of his arrest in this case that he had prior convictions for crimes punishable by more than one year of imprisonment.

6.  As there are no firearms or ammunition manufacturers in the District of Columbia, the firearm and ammunition possessed by the defendant had been shipped and transported in interstate commerce.

7.  This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties, but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the defendant's plea of guilty to the charged crimes. This Statement of the Offense fairly and accurately summarizes and describes some of the defendant's actions and involvement in the offenses to which he is pleading guilty.

Respectfully Submitted

Channing D. Phillips
Acting United States Attorney

By:

Kevin Birney
Assistant United States Attorney
Felony Major Crimes Section
D.C. Bar No. 1029424
555 Fourth Street N.W., Room # 4828
Washington, D.C. 20530
kevin.birney@usdoj.gov
(202) 252-7165

4

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea to one count of Unlawful Possession of a Firearm and/or Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). I have discussed this proffer fully with my attorney, Thomas Abbenante, Esq. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 5/12/21

_____
Chauncey Jones
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the government's proffer of evidence related to my client's guilty plea to one count of Unlawful Possession of a Firearm and/or Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 5-12-21

_____
Thomas Abbenante, Esq.
Counsel for Defendant

5